EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY**<br>**STATE OF COLORADO**<br><br>Court Address: 1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED<br>December 23, 2025 12:20 PM<br>FILING ID: 162768C367239<br>CASE NUMBER: 2025CV32106 |
| Plaintiff: **WILLIAM NEWMAN**<br><br>v.<br><br>Defendants: **WALMART, INC.** | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*:<br>Adam Detsky, #47999<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, Colorado 80260<br>Phone Number: (720) 580-8334<br>FAX Number: (303) 865-5666<br>E-mail: adetsky@ramoslaw.com; | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

**COMES NOW**, Plaintiff, William Newman, by and through his attorneys, Ramos Law, as and for this Civil Complaint and Jury Demand against Defendant Walmart, Inc. alleges as follows:

## INTRODUCTION

1. On July 2, 2024, Plaintiff William Newman, then-age 84, was injured when he was thrown from an electric shopping cart at the Walmart Supercenter store #1659 located at 60 W Bromley Lane, Brighton, CO 80601 ("the Property") as a result of a hidden and dangerous condition at the entrance area of the store.

## PARTIES, JURISDICTION, AND VENUE

2. At all times relevant to this action, Plaintiff William Newman ("Plaintiff" or "Mr. Newman") was and is a resident of the State of Colorado and the County of Weld.

EXHIBIT A

3. At all times relevant to this action, Defendant Walmart, Inc. ("Walmart") was and is a Delaware Corporation located at 702 SW 8th Street, Bentonville, AR 72716.

4. At all relevant times, Walmart is authorized to do business and does business in the State of Colorado.

5. At all times relevant herein, the registered agent for Walmart in Colorado is CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

6. Jurisdiction and venue are proper in Denver County District Court pursuant to C.R.C.P. 98(c)(1) as the Defendant is a foreign corporation doing business in Denver county and this is the county designated in the Complaint and the alleged tortious acts or omissions occurred in Adams County.

7. This Court has jurisdiction over Plaintiff's claims for personal injuries which arise out of an injury that occurred in the within the State of Colorado.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates the allegations stated with specificity in the foregoing paragraphs as though set forth verbatim below.

9. All claims herein against the Defendant includes their respective employees, assigns, contractors, and agents.

10. At all relevant times, the Property was a commercial retail business that was open to the general public.

11. The Defendant owned, maintained, controlled and/or managed the Property or was otherwise legally responsible for either the condition of the property or for activities conducted on the property.

12. The Defendant designed, controlled, and/or otherwise approved the design of the building, including its sidewalks, entrances and parking lot.

13. At all relevant times to this action, the Defendant was responsible for making sure the Property was managed and maintained in a reasonably safe condition and ensuring that invitees to the Property were safe.

14. At all times material hereto, the Defendant had a non-delegable duty to entrants on the Property such as invitees.

15. On or about July 2, 2024 ("the Date of the Incident"), Plaintiff was lawfully present at the subject Walmart doing some shopping.

EXHIBIT A

16. On the date of the incident, Plaintiff was an invitee at the Property.

17. Due in part to age, the size of the store, the weight of the groceries and the amount of the groceries, Plaintiff opted to use an electric scooter.

18. After completing his shopping, Plaintiff was taking the electric cart out to the entrance area where his wife was pulling her car around.

19. The front of the store included a fire lane.

20. The fire lane was painted dark red.

21. For a majority of the area outside the store, the fire lane and the sidewalk outside the store were flush with each other, at the same level and aligned.

22. At one point outside the store, the entrance sidewalk and the fire lane ceased to be flush with each other and the sidewalk began to rise in grade, a portion of the parking lot and the

23. The top of the sidewalk curb, the landing of the sidewalk, the rise of the sidewalk and the parking lot adjacent to the sidewalk continued to be painted dark red.

24. The dark red paint made it difficult to distinguish where the sidewalk was flush with the parking lot and where the sidewalk ceased to be flush with the parking lot.

25. There were no signs indicating the rise in the sidewalk landing and the parking lot.

26. The condition was exacerbated by bright sunlight.

27. Plaintiff, unable to see that the sidewalk was no longer flush with the parking lot, turned off the sidewalk towards his vehicle.

28. When Plaintiff turned off the sidewalk, the electric cart dropped, causing Plaintiff to be ejected from the cart and thrown to the ground, breaking his hip.

29. Despite the sidewalk not being flush with the road, the riser and sidewalk were still painted red with no warnings that the sidewalk to parking lot grading was changing.

30. The Defendant failed to take reasonable precautions to make the premises safe for Plaintiff and for others.

31. The Defendant had sufficient time and notice so that they had actual notice of the condition.

32. The Defendant had sufficient time and notice so that they had constructive notice of the condition.

33. The Defendant, in putting up no signs, not altering the color of the sidewalk, failed to promptly correct the condition and/or failed to warn invitees of the condition.

34. At the time of the incident, there were no caution signs or other protective measures to warn patrons of the dangerous condition.

35. The incident occurred at or near an area where invitees were known and expected, and in this case, instructed, to walk and shop and use electric carts.

36. Plaintiff continues to suffer in pain to this day.

37. Plaintiff was the owner and operator of a farm.

38. As a result of the incident, Plaintiff has been forced to hire personnel to maintain the farm doing the tasks that Mr. Newman would ordinarily have done himself.

39. As a result of the Defendants' negligence, Plaintiff suffered physical injuries, past and future loss of earnings, loss of earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, and permanent impairment and disfigurement.

40. Plaintiff's injuries are necessitated and will necessitate past and future medical-related expenses.

41. Plaintiff was not negligent in the above-referenced incident.

42. Plaintiff has not failed to mitigate his damages.

## FIRST CLAIM FOR RELIEF - PREMISES LIABILITY AGAINST WALMART

43. Plaintiff hereby incorporates all of the allegations stated in the foregoing paragraphs as though set forth verbatim below.

44. At all relevant times, Plaintiff was an invitee as defined by the Colorado Premises Liability Act. § 13-21-115(5)(a), C.R.S.

45. Pursuant to the Premises Liability Act, Walmart was a "landowner" at the time of the incident. C.R.S. § 13-21-115(1) ("For the purposes of this section, 'landowner' includes, without limitation . . . a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.").

46. Walmart, as the "landowner" of the subject premises, had a duty to use reasonable care to maintain the Property in a reasonably safe manner at the time of the incident, and to use reasonable care to protect Plaintiff against dangers of which Defendant knew or should have known. § 13-21-115, C.R.S.

47. Walmart knew or should have known that a dangerous condition existed on the Property at the time of the incident.

48. Walmart knew or should have known that the lack of warnings, signage, changes in paint color or other notification to customers constituted a dangerous condition.

49. Walmart knew or should have known that customers needing to use electric carts routinely use those carts to bring their bags to their vehicles.

50. Walmart knew or should have known that failure to warn or remediate the condition, or place warning signs created a dangerous situation, could result in injuries to those lawfully traversing the property.

51. It was foreseeable to the Walmart Defendant that invitees such as Plaintiff would be injured by a sudden change in grade that was obscured by paint.

52. The Walmart Defendant was legally responsible for the condition of the Property and/or for the activities conducted and/or circumstances existing described herein, and they, or their agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

53. The Walmart Defendant failed to comply with its duties to the Plaintiff in the following respects, including, but not limited to:

a. Failure to post signs;
b. Failure to place caution cones or other signage;
c. Failure to warn of possible danger;
d. Failure to distinguish paint color;
e. Failure to warn of grade/elevation change;
f. Failure to exercise reasonable care to prevent dangerous conditions in the public access areas where invitees would be expected to be;
g. Failure to mediate and mitigate the danger; and
h. Failure to have in place procedures to protect the public the condition on the Property.

54. In breach of their legal duty, the Walmart Defendant failed to use reasonable care to protect against the dangerous condition on the Property and/or to warn invitees such as Plaintiff.

55. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered physical injuries.

56. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, permanent impairment and loss of enjoyment of life.

57. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future noneconomic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

58. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

**WHEREFORE**, Plaintiff prays for entry of Judgment in his favor and against the respective Defendants in an amount sufficient to fully compensate him for all injuries, damages, and losses he sustained to the full extent allowed by law, including, without limitation, economic, non-economic, and physical impairment damages as provided for under Colorado law as well as interest, costs, and such other relief as the Court deems just and appropriate.

DATED: December 23, 2025.

Respectfully submitted,

**RAMOS LAW**

/s/ *Adam J. Detsky*

ADAM J. DETSKY; ATTY#47999

*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office.*

Plaintiff's Address:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, CO 80260